Good morning. The first case we'll hear will be United States v. Auernheimer. May it please the Court, my name is Auernher and I represent Andrew Auernheimer. I request four minutes. Before we start, counsel, are you going to reserve any time for rebuttal? Yes, I'll reserve four minutes for rebuttal, please. Okay, that's granted. The convictions in this case should be reversed because there was no unauthorized access under the Computer Fraud and Abuse Act. And that's true for a simple reason important to every Internet user. When information is made available on the World Wide Web such that anyone in access it with a web browser by simply entering the website address into the address line, that information is effectively published to the world. Whoever makes the information available assumes the risk that others will discover that information. And as a result, collecting that published information cannot be unauthorized as a matter of law and is legal under the Computer Fraud and Abuse Act. Maybe we could start at the threshold issue which you raised, venue. Now, the Supreme Court tells us to look to essential conduct elements and circumstance elements. Let's deal with that a little bit. Is the violation of New Jersey law an essential conduct element or a circumstance element? It is a circumstance element, Your Honor, because it occurs in Section 1030C, which is a part of the statute that only deals with the proper punishment for a violation of 1030A. Congress did not make it a crime to violate New Jersey law. It made it a crime to access a computer without authorization or exceed authorized access. And none of those essential conduct elements occurred in New Jersey. So that is an alternative ground for reversing the convictions in this case. Now, in Alain, the Supreme Court recently said that any fact that increases the punishment that a defendant faces is an element that must be proved beyond a reasonable doubt. So how do we distinguish between what is a crucial element, what is a circumstance element for purposes of venue? For purposes of venue, the distinction is between what the defendant actually did, the act. But an essential element under the New Jersey statute is the disclosure of the personal identifying information. So isn't that a crucial element of getting that felony enhancement? Two points. First, it is not a crucial element because the disclosure did not occur in New Jersey. And second, it's not an element that Congress identified as a crime. The question is what Congress did, not what the New Jersey legislature did. The enhancement only occurred in the conduct, in the context of the felony enhancement in Section 1030C2, not in one of the actual crimes set out in Section 1030A, which is where the conduct elements of the offense are located. Is that the distinction you draw then between Rodriguez-Moreno on the one hand and this case on the other? Yes, that's correct. So the controlling distinction under Rodriguez-Moreno and Cabrales is that between the essential conduct elements and the circumstance elements. Where was the act occurring? So that would be the access, that would be obtaining information under Section 1030A2, but it would not include some sort of effect that may have occurred eventually later on. So I'm sure we'll give your adversary an opportunity to answer this question, but I presume from your standpoint the venue would be rather limited. You'd say Arkansas, Georgia, Texas, where else? California as well, where Spitler was located. At least four different jurisdictions where this case could have been brought under Section 3237, the venue statute. There's at least a hypothetical possibility if there were proof of where the traffic actually passed, the course of the internet traffic. If there were any evidence of that, that at least possibly could have been other districts, but not merely a district where there are alleged individuals who were related to information that was disclosed. That's not a conduct element of the offense. One of the venue arguments they make is that it should, a factor that we take into account should be the Gawker article and the expanse of it, where it's available, which is probably all 50 states. So I presume, I'll let them argue this when they come up, but I presume that venue would be proper in all 50 states and you would take contrast to that, right? Yeah, I believe the government's argument is that venue, in any internet crime that leads to anything posted on the web that could be viewed from the web, that there would be venue in every district. And that that's contrary to the general venue principles, venue should be construed narrowly. And of course, this court should discourage interpretations of the venue statute that would allow the government to create venue in any district where the government would want to create venue. The crimes did not occur in New Jersey, which is this alternate ground of reversal. So under your theory, the essential conduct elements under the Supreme Court's regime would be accessing a computer without authorization, one, and two, obtaining information? Are those the conduct elements? That's correct. There could be exceeding authorized access, to the extent that's considered distinct, although it's generally grouped together. Okay, right. In this case, I don't... But that's correct. Those are the conduct elements. And then for the second crime, count two of the indictment, the identity theft count, the essential conduct elements would be the transfer, possession, use, perhaps where the underlying predicate offense was under the Second Circuit's precedent. And none of those happened in New Jersey. There's no evidence of any traffic in New Jersey. There's no evidence of any individuals in New Jersey in terms of defendants or where the crime actually occurred. So your view is violation of the New Jersey law has no relevance to the venue question? That's correct. It's simply part of the circumstance element in the felony enhancement in Section 1030C. Congress made it a felony instead of a misdemeanor to commit a 1030A2 misdemeanor offense in furtherance of some other crime. And that's just the circumstance of the punishment. How about your adversary makes a pretty large deal about the effects and cites our case in Goldberg. It's from 1987. How do you respond to that? The effects are felt in New Jersey. Yeah. The substantial effects test is a constitutional standard which some circuits have adopted. Other circuits have not. Which is in addition to it. We adopted it. It has only been referenced in Goldberg. It's cited and the Reid case is quoted. But then the court resolves the decision on other grounds. I don't think this court has adopted the substantial effects test. But even where it's adopted is a constitutional standard in addition to the statutory standard under Section 3237. So it's another threshold the government has to satisfy. Not a way of establishing venue that is in some sense easier for the government to satisfy than the statutory venue standard. Let's say you're right on venue. We all agree you're right. What about the harmless error analysis that the government poses? Should we default to that? Is there any showing of prejudice at this point? Obviously we've been through trial. It's gone how it's gone. What should be the next step? Vacate and remand? It's Hornbook law that there's no harmless error test for venue errors. This court has never applied a harmless error standard. The government cites a single district court case from the Southern District of New York which involved just a question of which side of the Brooklyn Bridge the case should have been brought in. The Second Circuit seems to have disavowed that test. The Eastern District would probably see it a little differently, no? I assume that the fight between the Brooklynites and Manhattanites continues. But nonetheless, that's the only case that I'm aware of that applied a harmless error review standard to venue errors. And this court has certainly never applied such a standard. It's not even certain what such a standard would look like. And here, the case was brought in New Jersey when the defendant had never been to New Jersey and the defendant was coming from Arkansas. So even if there were a harmless error standard, this would not be a case for harmless error. If I could go back to the unauthorized access issue as well, because of course if the court reverses on the grounds of unauthorized access, that leads to an acquittal for Mr. Arnheimer. There's no unauthorized access in this case because of the nature of the World Wide Web. When you put information on the World Wide Web so that it's available to anyone to access, you assume the risk that others are going to access that information. It's because the World Wide Web is an open protocol. It's designed to allow anyone to visit the website and see the website. It's clear from the record that AT&T did not intend for individuals other than the relevant iPad owners to visit those addresses. But that's a risk that they assumed. The government's case for unauthorized access relies a lot on the idea... Why is that a risk that they assume? It's the nature of the World Wide Web. The World Wide Web is a publishing platform. It is a way of making information available to the public using that browser and the address line at the top of the browser. So under what circumstances is anything private on the Web? Or are you taking the position that nothing under any circumstances, no matter how many passwords and firewalls that you have, is private? No, it's absolutely a great deal of what's on the World Wide Web is private, but it's protected by a password. That's how you create privacy on the World Wide Web. You introduce some authentication mechanism that says only one person knows this information, your secret password, only known to you, and you then can access your private account information. In this case, there was no private account information that was accessed. The only information that was collected was from public website addresses. So is a code-based restriction the same as a password? Are they equivalent? A password is certainly an example of a code-based restriction. Well, give me an example then of a code-based restriction that's not a password. Another would be if you visit a website that does not... I think a web server, for example, that does not have any way of accessing the account directly. There's no actual account, no password box. You may be able to, for example, hack into the machine, find out information that has not been made publicly available through any particular computer exploit. It's a way of effectively breaking into the machine rather than looking at what has been publicly made available, and that is the key distinction. So absolutely, it's possible to create Internet privacy on the World Wide Web, but it's through some sort of an authentication mechanism, some password gate or other way of keeping people out, not just hoping that people don't find the address of information that you have Thank you, Counsel. Thank you. I know 15 minutes doesn't seem like a lot of time, and we can't cover everything, but rest assured, we've pored through your briefs, so we're well aware of your positions on the other issues. Thank you, Your Honor. Okay. Morning, Your Honors. Glenn Morimarco on behalf of the government. I'm happy to begin with either venue or the CFA, depending on the court's preference. Let's start with venue. Sure. Our position actually is that obviously what makes it a felony is part of the essential elements of the offense. The notion that So would you concede that if you didn't have the felony enhancement provision, there would be no venue in New Jersey? Well, we do have a fallback argument about the failure to get authorization from the based on the felony, but we do have fallback arguments as well. But certainly, I mean again, the implications of the argument that Mr. Kerr is making are that the felony is irrelevant. So if you had a CFA crime in which the objective were to blow up a nuclear power plant in New Jersey, there'd be no venue in New Jersey if the guy's pushing the buttons in Arkansas. He says that Congress, I want you to look at what Congress sort of incorporated, but the notion that there'd be felonies and that felonies would be based on violations of state or federal law. Yeah, but counsel, I mean, it looks to me like Section 1030A-2C is complete. I mean, it says a violation is done when, you know, intentionally accessing information from a protected computer. Aren't those the essential elements we need to look to? Well. I mean, do we really need to resort to something else? Well, in terms of venue, it's not for a continuing crime. Then you can continue as the effects work its way through. So if you had a kidnapping, the kidnapping would be complete when you first grab the guy, but if you carry him through seven states as part of the kidnapping, you'd have venue in all those states. So it really doesn't turn on when you have sufficient factual support for it. It really is when the crime ends. And when you have effects that are ongoing, and here the effect was, and frankly, we're talking about the object of the conspiracy. You know, he's calling it a circumstance. But, you know, this is the object of the conspiracy. So to call it a mere circumstance, in Cabrales, the circumstance was that there had been a prior crime already committed. So it wasn't part of the money laundering which was being charged against those individuals. That's a very different situation from the object of the conspiracy itself. The Gawker article that you mentioned as a basis for saying that there's venue in New Jersey, did it identify any New Jersey residents? The Gawker article in particular did not, no. And, you know, what was the initial distribution, which is not being disputed here, was the distribution to the reporter, and that contained the entire list. So if they talked to the New York Times rather than Gawker, you'd say because the New York Times is in the United States, that venue is proper in all 50 states? Well, actually, Gawker's location wasn't in New Jersey either, just so the record is clear. We are saying that there's jurisdiction throughout the United States in this case because not the government chose that, but he chose to have 114,000 victims. So as a matter of fact, he chose to have victims in every state. That is the case when you've got So he could be in the District of Hawaii, which I wouldn't mind. We can make a motion to change venue there, which, by the way, there was not in this case. And I'll get back to that when we're discussing harmless error. But, yeah, our position is, just like in a mail fraud, if you have a mail fraud against one person and that person's in New Jersey, then you're prosecuting in New Jersey. If you have a mail fraud against 114,000 people But even New Jersey, even the essential elements of the conduct under New Jersey law are accessing a computer and disclosing information. And neither of those happened in New Jersey. Well, the information was disclosed throughout the country, to the extent that there was internet, you know, there was internet publication I don't understand that. You said it was disclosed throughout the country, but it was disclosed to a reporter at Gawker. Well, it says at Gawker with the intention that it be further disclosed. Well, I'm trying to understand. There are 4,500 New Jersey residents Right. whose emails were identified. Where, do we know any of New Jersey residents? Oh, yeah. I mean, they were in the exhibits that were given to the jury. They were broken down by state. So that's not And but where did that disclosure occur of those? That disclosure was when the defendant, Orenheimer, sent them over the internet to the reporter at Gawker. That was the initial disclosure. Then the Gawker article and other articles, you know, talked about individual people. Those did not reference New Jersey people in particular. The further, the further thing. I do want to discuss the harmless error point because to say it's Hornbook law that venue can't be harmless, I think is, well, perhaps not overstating every Hornbook, but overstating what the Supreme Court has said. Supreme Court in the United States versus Lane and United States versus Nieder has said that Rule 52A admits of no exceptions. The exceptions they've, they have recognized are for structural error. And no court has ever held that venue is structural error. Certainly, Supreme Court has not held that it's structural error. Let me ask you this question on that point. So, if we found that there was a venue defect here, you argue harmless error. Yes. Right. You want to prevail. When would you not prevail? Well. What circumstance could there be when there would be a venue defect that he would not prevail on a harmless error analysis? Sure. There definitely would be circumstances, Your Honor. There'd be cases in which the individual didn't have access to the witnesses that he wanted because it was an inconvenient forum. He might not have had the counsel of his choice because it was an inconvenient forum. I do think it's crucial here that there was no. No, no, no, but I mean at this stage. I mean. Right. At this stage, if he said, you know, if we had been in Arkansas, I would have called these three. Let him finish. Those are arguments that you would make right at the beginning. At the beginning of every civil case that I can remember. Oh, no, we shouldn't be in New York. We should be wherever because, you know, nine million people are there and nobody's here and yada, yada, right? But I'm talking about at this stage, right? We've already had a trial. Right. Presumably, after you make your argument, you're going to want me to ask him,  which I'm prepared to do in a moment. But for right now, I want to ask you, what's the circumstance where after we've had a trial and there is a difficulty, as you would presume, showing prejudice, why, when would I not apply harmless error? Well, perhaps I'm missing the point, but I would have thought it would have been those same questions. That it would have been, if he could stand up before your honor and say, we weren't in Arkansas and if we had been in Arkansas, I would have called these three witnesses who were not available to me because they wouldn't go to New Jersey. Or I would have had a different counsel. I mean, in this case, what the record reflects is that he had pro bono counsel, which very generously, you know, right outside of New Jersey, right outside of Newark, across in New York, made their services available to him for free. So. But we're dealing with a concept that's embedded in the Constitution in two places, in our Bill of Rights and in the Constitution itself. Sure. And has the Supreme Court said that it's, has the Supreme Court ever said that Venue is not a structural? No, it has not said anything about Venue being structural or not structural. But certainly, it's late in the day for, the Supreme Court has often held that constitutional violations are subject to harmless error analysis. We do that every day. What they're looking for in terms of structural error are things that really go to the integrity of the trial. So they've looked at a biased tribunal. They've looked at a failure to have counsel or a failure to have self-representation. To me, this is, this is more like a misjoinder, which is the issue that they were dealing with, I believe, in Lane. You know, it's a circumstance. You shouldn't have tried that count there. It was in, you know, they shouldn't have been joined together for trial. But the court held that was harmless error. And it reversed the Second Circuit, which had said that these kinds of errors are not subject to harmless error analysis. And that was a case where the court really said, there are no bright line rules here. Again, leaving aside the, the, the categories of structural error, which have already been, already been suggested. I would suggest this is a favorable forum for, for Mr. Orenheimer. Because of the, because he had such. I don't think he'd argue that right now. Well, again, when you do harmless error analysis, you do it on the basis of, in fact, the, the strength of the evidence. And we have a, we have a case here where we, we see it very differently from, from our two respective corners here. I have, I see a case where he's arguing that, that this was completely open to everyone. But you look at the testimony of Daniel Spittler and the steps he had to take in order to get to this wide open, you know, web. And, and I'm flabbergasted that this could be called anything other than a hack. He had to decrypt, he had to download the entire iOS system on his computer. He had to decrypt it. He had to do all sorts of things. I don't even understand what they are. And certainly are beyond the can of, of, you know, ordinary web users. When you publish something to the web, the notion is that it's, you know, it's searchable. You can get there. This was really a members only site. This was a site where you had to identify, it asked, it basically asked two questions. Are you an iPad? And if you're an iPad, which iPad are you? That's the ICC ID address. And that was the. Well, you've artfully moved from. Okay. From venue. I want to know about your alternative argument. If, if New Jersey law doesn't apply. Well, if New Jersey law doesn't apply, then we have to go with his failure to obtain authorization from the, the victims in New Jersey. That's, that's our. And that's effects, right? Yeah, that's effects too. And again, even in the cases that he cites, you know, there, there is recognition that, that effects matter in some cases. I mean, you know, this is, this is an area where if you don't go the harmless error route, you really are probably going to have to write some new law because there really isn't a ton on venue under the CFAA. So, you know, he, he's trying to analogous, analogize it to certain things. I'm trying to analogize it to certain other things. But if we really take a step back and, and think about computer crimes, I would really urge the court not to go narrow on computer crimes. Because when the founding fathers were talking about, you know, trying a crime where it occurred, you didn't have things like the internet. You obviously, you didn't have, I mean, crimes occurred, you know, you've got, you know, typically crimes occur, you know, right there. But if we went broadly, as you suggest, that would mean in every computer crime, in every court in America, it would always be 50 states. Well, not if, not if you had a targeted crime that involved individual victims. I mean, again, if Mr. Orenheimer wanted to sort of get your personal identifying information, you know, when he was trying to target you, then we couldn't try that in Arkansas. Well, if he did in Arkansas, but we couldn't try that in Hawaii, if you were the only victim of the offense. And I think the problem is, he's trying to adopt a rule that doesn't really work very well when the felony enhancement is a serious one, where the effects are important. Well, when, since, since you've mentioned felony enhancement, I, I'm still not clear as to how you get around Rodriguez, Moreno, and Cabrales. I know Cabrales, you mentioned in the footnote, and you spent most of your time on Rodriguez, Moreno. I'm, I'm not getting. And Goldberg. Yeah. Well, I, I don't think Rodriguez, Moreno, Moreno's a bad case for me. I mean, I, I think that when you take a step back and you look at it, what it's saying is, again, it came up through this circuit, where this circuit had, had held the opposite. And, and Judge Alito sort of dissented and said, you can't just look at the verbs. You've got to look at the crime in total. And so, they really, there were two parts of that crime, just like there are two parts here. You had the using and carrying of a firearm, and you had the, you know, in furtherance of a kidnapping. And what you have here is, you know, use of a computer in furtherance of a New Jersey crime, and you put them together. Yeah, but here you're relying on the violation of the New Jersey crime. In Rodriguez, Moreno, it's the, the key is felony enhancement. How are those meshing? Well, you have to, again, in Rodriguez, Moreno, it would have been very easy for the court to have, to, to have said, as, as Justice Scalia said in dissent, that you're being charged with using a firearm during, in relation to during, in relation to a crime to a kidnapping, where everyone concedes that he didn't have a gun in New Jersey. But you, you were, it was okay to charge it in New Jersey, because when you looked at the crime overall, kidnapping was a part of it, and it was an important part of it. But even though nothing in New Jersey happened related to that gun, it was charged with during a relation. That was enough to bring it in. So what I'm suggesting here is that bringing in the violation of New Jersey law is enough to, is enough to make this strong. But let, let me get a little bit too, because I haven't really discussed the substantial the substantial context test. Which this court did at least. That's Goldberg, right? Yes. Now did we really adopt the, the, that test in that case? I mean, there's a quotation there. I don't see adopt anywhere. Well. And we've, and as far as I know, we haven't followed Goldberg in any other case. Well, fair enough. In, in the sense that it is a quotation, and, and that's the only place, though, where the court sets out what the standard would be. So, typically when you quote another court's standard, if you're disagreeing with it, you'll say, and if you're not disagreeing with it, you're probably agreeing that at least it, it works in this case. So, so that, that's where that came from. Importantly, in Rodriguez-Moreno, the government argued a substantial context argument, and they said in footnote two that they were leaving that open. They were not reaching that question. They didn't need to, because they were doing it under the locus electi. Which is, which is more narrow. But the fact that the court left it open, it surprised me that, that some of the cases seem now to be suggesting that, that you automatically lose, you know, under substantial context, because the Supreme Court didn't adopt it in Rodriguez-Moreno. And I think that's an over read. And I think even the cases that he relies on, some of those are quite good for us. The Oceanport case out of the Fourth Circuit, which he cites in his reply brief. I mean, that's a case where the effects are felt in another district, and the court said, fine, it was it was obstruction of justice. And the deposition was given in one jurisdiction, and the obstruction would have been in, it was given in D.C., the obstruction would have been in a Maryland tribunal. And the court said, fine, the effects there should be felt. And so, I would urge this court to look at effects, because victims do matter. It doesn't really matter where the server is located. I mean, if we're going that route, I mean, again, the law ought to make some sense. It's one thing to say, obviously, where he hits the send button, you know, there he's doing some contact. Well, if the law's supposed to make sense, I mean, it is obtaining and obsessing, right? That's what we're supposed to be focused on. Yeah, but it's identity fraud, too. And so, how do you obtain somebody's identity? I mean, it's sort of, it's, it's, it's sort of a very. Sure, but, but you want to think about, you know, what are the means employed? How, how do you go about it? I want to think about the harms, Judge Greenaway. That's what I want to think about. Who's harmed by this, and isn't that what makes it a crime? What makes it a crime is there's somebody, you know, sitting home in New Jersey, you know, whose identity has been taken by this individual. And he didn't have to take 114,000 of them, if he didn't want to be subject to nationwide. It would have been very easy for them to say that in Cabrales and Rodriguez Moreno, if that's what they meant. They, they didn't need to reach it because the locus selecti alone was enough. The court has left it open. It may be an issue that you have to reach if you don't go the harmless error route. I would urge you to think broadly on that. Thank you, counsel. Thank you. On rebuttal, I'd like to make just two points about harmless error. First, the government says that rule 52 should apply, and the harmless error standard there. The difficulty is that venue is a statutory standard in addition to a rule based standard. So the venue law comes from three different sources. The constitution, the statutes, and the federal rules. The fact that there are harmless error standards of review for the federal rules does not address whether there's a harmless error standard for the statute 3237. This case is being brought under the statute, and that's why there's no harmless error standard. In terms of the question of prejudice, which Judge Greenaway mentioned, there are several types of prejudice here, if the court does reach a harmless error standard. One is that there are computer crime units in all of the major US attorney's offices right now, and to be candid, they're looking for cases. And if the standard- You want to help Atlanta? If the standard is that any district can bring a case, then any individual defendant doesn't only have to get a denial in one district, or two districts, or four districts, but any prosecutor in any district can bring the in prison right now. Clearly, he's felt prejudice with the prosecution of this case. I also wanted to address the issue of the government says that the- Is there any other prejudice we should be aware of? It's sort of a metaphysical question, I think, as to how the case would have gone in a district where there was venue. It's not clear even what that means. Venue was certainly challenged below. The government says there was no motion to transfer venue. There was a motion to dismiss for lack of venue. It was, in fact, the first issue that was challenged when this case was brought. I'm not getting you on prejudice then. So the fact that he was prosecuted is one form of prejudice. If this case could only be prosecuted in some districts, in certain districts, that means that only several US attorney's offices can bring the case. And if venue can be brought in any district, then every US attorney's office has the opportunity to determine, do we want to bring a prosecution in this particular case? And that's in addition to, we just don't know how the case would have gone if it had been brought in Arkansas where the defendant was located, what resources he would have been able to bring to the case. There's no record on that question. It's one of the reasons why I think there is no harmless error standard for venue error. Shouldn't it be enough that you raise venue initially? I mean, that's your prejudice. Absolutely, yeah. It was raised initially. It was raised, that was the first- We shouldn't be tried here. That's right. It was the first- It should have never been brought here. That's absolutely correct. The first issue raised in this case. The government also says that under Rodriguez-Moreno, it's left open whether there is an effects test. I think that's a misreading of the Rodriguez-Moreno case. That case leaves open that there may be another possibility of a statutory standard. That is, other venue statutes may allow an effects test. So if there's an essential conduct element written into the statute that is phrased in terms of an effect, then that can be considered under the statute. So it's possible in other cases that there would be such a test. But there is not under Section 3237, which specifies the essential conduct elements under the Cabrales case. There are no further questions. Thank you, counsel. Thank you, Ron. Counsel, thank you so much for your excellent briefing and excellent argument. We'll take the case under advisement.